56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James M. EZACK, Plaintiff - Appellant,
v.
NUTRASWEET COMPANY, Defendant - Appellee.
 No. 93-2619.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1995.
 
 Before: KEITH and MARTIN, Circuit Judges; and SMITH, District Judge.*
 PER CURIAM:
 
 
 1
 This litigation arises out of the termination of an employee for failure to comply with the company's drug abuse program. The employee sued for wrongful termination, asserting the employee handbook created a legitimate expectation of employment. The district court granted summary judgment in favor of the employer. The ultimate question on appeal is whether or not the employee is at will and thereby subject to termination for any legal reason. We hold he is.
 
 I. STATEMENT OF THE CASE
 
 2
 In July 1993, Plaintiff-Appellant, James M. Ezack ("Plaintiff"), filed suit in Huron County Court against Defendant-Appellee, NutraSweet Company ("Defendant" or "NutraSweet"), alleging, inter alia, defamation and wrongful termination. NutraSweet timely removed the complaint to the United States District Court for the Eastern District of Michigan based on diversity jurisdiction.
 
 
 3
 On September 30, 1993, NutraSweet filed a motion for summary judgment. On October 4, 1993, Plaintiff filed a motion to amend his complaint to add a claim of tortious interference with a business relationship and to name NutraSweet's human resources manager, Roy Chumbler, as an individual defendant. On November 11, 1993, the District Court heard oral argument on Defendant's motion to dismiss, for summary judgment and for sanctions, and Plaintiff's petition for joinder and amendment. The court granted summary judgment in favor of NutraSweet on each of Plaintiff's claims, and dismissed Plaintiff's complaint in its entirety. The court further denied Plaintiff's motion to add the tortious interference claim reasoning that the claim would be futile. Plaintiff now appeals the grant of summary judgment in favor of Defendant on the wrongful termination claim and the denial of Plaintiff's request for leave to amend.
 
 II. STATEMENT OF THE FACTS
 
 4
 Plaintiff began his employment with Defendant's predecessor company in 1975. On February 5, 1990, Plaintiff entered into a "Confidentiality / Intellectual Property / Non-Solicitation / Non-Compete Agreement (the "Agreement") which explicitly stated that the Agreement did not form the basis for an employment contract. According to the Agreement, the employer and employee must enter into a separate written agreement to establish an employment contract. No such agreement was ever entered into by Ezack and NutraSweet.
 
 
 5
 On August 20, 1991, Plaintiff attended a training program on NutraSweet's new drug policy, as outlined in the Employee Handbook ("Handbook"). Plaintiff signed an acknowledgement form which stated, in pertinent part
 
 
 6
 I was ... informed of the consequences for violation of the Company's Substance Free Workplace Program which, at the Company's discretion, may include termination of my employment.
 
 
 7
 The Substance-Free Workplace Program provided for mandatory, random drug testing. The accompanying Manual stated, any employee who refused to participate was "subject to discipline up to and including termination."
 
 
 8
 In March 1993, NutraSweet randomly selected Plaintiff for a drug test. On March 10, 1993, after Plaintiff reported for work and punched his time card, he was notified that he had been selected for a drug test. Plaintiff asserts he was not then reporting for work, rather he came to the plant to notify his supervisor that he was sick and was going home. Roy Chumbler, the plant's human resources manager, instructed Plaintiff to provide a urine sample before he went home. Plaintiff failed to comply, leaving the plant without providing a urine sample.
 
 
 9
 Defendant interpreted Plaintiff's refusal to comply with the drug test as a violation of the Program. Consequently, Defendant notified Plaintiff on March 16, 1993, in writing, that his employment with NutraSweet had been terminated.
 
 III. DISCUSSION
 
 10
 Plaintiff appeals the district court's grant of summary judgment as to the wrongful discharge claim and the claim of tortious interference with employment relationship.
 
 A. STANDARD OF REVIEW
 
 11
 Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing a motion for summary judgment, this court must consider the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir. 1991), cert. denied, 112 S.Ct. 1481 (1992). This court reviews a district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir. 1991).
 
 B. AT-WILL EMPLOYEE
 
 12
 As a preliminary matter, at oral argument, Plaintiff conceded he failed to present a prima facie claim of tortious interference. Thus, we will only address the wrongful discharge claim.
 
 
 13
 Plaintiff asserts the district court erred by failing to clearly establish the applicable state law. He argues the matter should be remanded to determine which law applies, Illinois or Michigan. This argument is meritless. The real issue is whether the Plaintiff is an at-will employee, terminable for any reason or no reason, or whether he is a contract employee, who terminable pursuant only to the terms and conditions set forth in the contract.
 
 
 14
 In Michigan, an employee hired for an indefinite period is presumed to be terminable at will by either party, for any reason or no reason. Rood v. General Dynamics Corp., 444 Mich. 107, 116 (1993). The presumption can be overcome, however, if the employee can demonstrate (1) that he entered into a contract for a definite period, or (2) that the employer's policies and procedures "instill legitimate expectations of job security." Id. at 117.
 
 
 15
 In Illinois, an employee hired without a fixed duration is presumed to be terminable at will by either party. Ahlgren v. Blue Goose Supermarket, Inc., 266 Ill. App.3d 154, 160 (1994). That presumption can be overcome by a contractual relationship, id. or by an employee handbook under certain specific requirements. Id. An employee handbook can create a contractual relationship if (1) there is a clear promise in the handbook that an offer was made, (2) the employee received the handbook and believed the contents to be an offer, and (3) the employee accepts the offer by performance. Id.
 
 
 16
 In the instant case the Plaintiff argues that the Handbook and the Substance Free Workplace Manual, when read together, create a contractual relationship between employer and employee. The Handbook explicitly states that no employment contract is created by any of its terms and conditions. A contract could only be formed if explicitly done so in a separate writing. There was no separate writing. The Handbook contained a prominently displayed disclaimer on its first page of substantive text, stating
 
 PURPOSE AND INTENT OF HANDBOOK
 
 17
 "The Company has prepared this handbook as an informational guide and reserves the right to deviate from, modify or terminate these policies and programs if the Company, in its sole discretion, finds it advisable in particular circumstances. This Handbook is not intended to establish a contract or other legal rights between the Company and its employees.
 
 
 18
 Employees are not hired for a specific term or duration unless both the Employer and Employee have expressly agreed to it in writing. Either the Company or the employee may terminate the employment relationship at any time, for no reason."
 
 
 19
 Under either Illinois law or Michigan law, the Plaintiff did not have a contractual employment relationship with NutraSweet. There is no need to remand this matter for a determination of the applicable law. The district court indicated it was applying Illinois law when it stated "[I]t's pretty clear Illinois law was chosen by the parties." (J. App. at 384.) Even though the district court was referring to the Confidentiality Agreement, it is reasonable to infer Illinois law would apply to the Handbook and the Manual. To the extent the district court erred by not clearly stating which law it was applying, such error was harmless.
 
 
 20
 As an at-will employee, Plaintiff was subject to discharge at the discretion of his employer. It was well within NutraSweet's purview to terminate Ezack's employment for failure to comply with their Substance-Free Workplace Program.
 
 IV. CONCLUSION
 
 21
 For the foregoing reasons the Order of the Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, granting summary judgment in favor of NutraSweet is hereby AFFIRMED.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation